## DUBE *v.* MASCOMA MUTUAL FIRE INS. CO.

An assignment by a debtor of all his property, under the statute, for the benefit of his creditors, operates as an assignment of a fire insurance policy held by him which contains a provision that it shall be void if assigned without the assent of the company.

ASSUMPSIT, on a policy of insurance on the plaintiff's stock of goods contained in a store in Suncook, for one year from March 13, 1886.  The property insured was totally destroyed by fire Jan. 11, 1887.  The policy contained a provision that it should be void, if, without the assent of the company, " said property shall be sold or this policy assigned."  January 1, 1887, the plaintiff made an assignment for the benefit of his creditors under the statute, and on the same day a messenger was appointed to take charge of the property.  The defendants moved for a nonsuit on the ground that the evidence showed an alienation of the property and an assignment of the policy without the assent of the company before the loss occurred.  The motion. was granted *pro forma*, and the plaintiff excepted.

*H. G. Sargent* and *Wm. L. Foster*, for the plaintiff.

*W. H. Cotton* and *Chase & Streeter*, for the defendants.

ALLEN, J.  The policy, which is the contract of insurance, provides, among other things, that it shall be void if it is assigned without the consent of the company.  Ten days before the loss by fire the plaintiff assigned all his property, under the insolvent laws

of the state, for the benefit of his creditors. By that assignment his property became vested in the judge of probate and in such assignee as the judge might appoint (Laws of 1885, *c.* 85, *s.* 1), and however made or expressed, the assignment must be construed to pass all the plaintiff's property not by law exempt from attachment. G. L., *c.* 140, *s.* 1.

The plaintiff must be held to have intended an assignment as full and complete as the statute required, and the requirement to construe the assignment, " however made or expressed," as transferring all his property not by law exempt from attachment, leaves no room for excluding from its operation any property, or right or interest in any property whatever, not embraced within the exception. The policy of insurance is a contract which gave him a valuable right, and was a part of his property not within the exception exempting it from attachment, and was included within the assignment.

The policy of insurance being a contract of indemnity and personal with the assured, did not pass by the transfer or assignment of the property insured as incident to it, but as an integral part of the plaintiff's property, all of which was assigned. The assignment was voluntary, and was as effective to pass the policy as a written transfer upon the instrument without the consent of the insurer would have been. If, because without the consent of the insurer the policy could not be available to the assignee, the assignment was void, and so no assignment, a formal express assignment not consented to, would be equally a nullity, and no assignment without the insurer's consent could be made which would render the policy void. With such a construction of the assignment, the clause in the contract prohibiting its transfer without consent of the company, under penalty of avoiding the policy, would be a meaningless absurdity, and no violation of its terms would accomplish what was prohibited.

In *Lazarus* v. *Insurance Co.*, 5 Pick. 76, it was decided that a general assignment by the plaintiff of all his property, including his policies of insurance, did not have the effect to transfer a policy then in the hands of a third person as security for a debt. But it was distinctly stated in the opinion, *Parker*, *C. J.*, that " the general words in the assignment must be held to affect all such policies as the plaintiff had a legal control over."

The statute requiring a construction of the plaintiff's assignment to mean a conveyance of all his property, there is no room to contend for any different intention on his part than to include in the assignment the policy of insurance. According to the terms of the contract, the assignment, being without the consent of the insurer, made the policy void, and the plaintiff cannot recover.

*Judgment for the defendants.*

BLODGETT, J., did not sit: the others concurred.