Hillsborough,
June, 1898.

## BRIMBLECOM *v.* O'BRIEN *& a., & Tr.*

The assignee of an insolvent debtor is not chargeable as trustee of the insolvent, in a suit brought by a non-resident creditor upon a claim arising prior to the debtor's insolvency, for an allowance made the debtor by the judge of probate for the support of himself and family.

FOREIGN ATTACHMENT. Issue between the plaintiff and trustee. George A. Wagner, the trustee, is assignee of John O'Brien & Co., who are in insolvency under a decree dated January 21, 1896. The trustee discloses in his hands $48, an allowance decreed for the support of John O'Brien and his family, made in June, 1897, under *s.* 28, *c.* 201, P. S. The plaintiff resides out of the state and has not proved his claim in the insolvency proceedings. The court ruled that the trustee was not chargeable, and the plaintiff excepted.

*Frank C. Livingston* and *Alpheus C. Osgood,* for the plaintiff.

*John B. Cavanaugh* and *Denis F. O'Connor* filed a brief for the trustee.

PARSONS, J. The plaintiff, a non-resident creditor who has not submitted his claim to the probate court, seeks by suit in this court to hold as trustee the debtor's assignee in insolvency, appointed by the probate court under P. S., *c.* 201. He does not claim to hold the assignee for the property of the debtor generally which came to the assignee by virtue of the insolvency proceedings, but only for the amount of an allowance made the debtor out of the estate for the necessary support of himself and family. P. S., *c.* 201, *s.* 28.

By the assignment all the debtor's property not exempt from attachment passes to the assignee. *Dube* v. *Insurance Co.,* 64 N. H. 527. This complete divestiture of the debtor of his property might result in unnecessary hardship, as in some cases the entire means of subsistence of the debtor and his family would be at once destroyed. Therefore, in the discretion of the probate judge a temporary allowance for his and their support is authorized. The temporary supply of the necessities of life to the debtor and his family is the purpose of the law. The purpose and object of the legislature is to be considered in the construction of a statute. *Barker* v. *Warren,* 46 N. H. 124. If the plaintiff can take the fund, which it has been judicially determined is required for the support of the debtor and his family,

for application upon his pre-existing debt, it is evident the sole object of the law is defeated. If the allowance made by the probate judge for the temporary necessities of the debtor and his family cannot be applied to their support in consequence of the intervention of the plaintiff through the trustee process, the sole result of the decree making such allowance will be to diminish the fund held for the benefit of the creditors who are bound by the assignment, for the benefit of one who refuses to be bound thereby. It is clear that in such a case the reasons upon which the judge must have based his decree are superseded, and upon reopening the decree the allowance would be withdrawn, for the probate court has no authority to make the debtor an allowance for the benefit of a non-resident, non-assenting creditor.

The debtor's property after the assignment is a trust fund in the hands of the court for the payment of creditors and the necessary charges established by law. The allowance to a debtor is not for himself alone. The members of his family are beneficiaries of the fund decreed him in trust for his and their support. " If the trust exists for the benefit of any other than the debtor, the trustees cannot be charged, because the fund to be reached is in equity, that is, by the law of the land, the property of the beneficiary and not of the debtor." *Richards* v. *Railroad*, 44 N. H. 127, 140. Applying the rule of construction that the object of the statute is to be regarded, and considering the nature of the allowance, it is clear that the allowance made the debtor " for the necessary support of himself and family " is not a debt due the debtor from the assignee, but is a trust fund set apart by statute and judicial decree for a particular purpose from which it cannot be diverted by trustee process. The trustee was properly discharged.

If any change has taken place in the debtor's family which makes the original decree an unwise exercise of probate discretion, the remedy, if one is needed, will be found in reopening the decree and readjusting the allowance, not by permitting one creditor to secure to himself a portion of that in which all have an equal right under the law.

*Exception overruled.*

CLARK, C. J., did not sit : the others concurred.